# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-00050-01-CR-W-DGK |
| | ) | |
| RANDALL G. JENNINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## RESTITUTION ORDER

On October 7, 2010 the Court sentenced Defendant to 262 months imprisonment and 15 years of supervised release. The Court now addresses the question of restitution.

Restitution is mandatory in this case pursuant to 18 U.S.C. §§ 1593, 3663A, and 2259. Section 1593 mandates that the court order the defendant to pay the full amount of a commercial sex trafficking victim's losses as restitution, and section 2259(b)(3)(A) explains that these losses include any costs incurred for psychiatric or psychological services. A district court may include in this amount the estimated cost of future medical treatment. *United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009); *United States. v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001); *United States v. Julian*, 242 F.2d 1245, 1247 (10th Cir. 2001); *United States v. Laney*, 189 F.3d 945 (9th Cir. 1999). But "an order of restitution for future losses may be inappropriate [where] the amount of loss is too difficult to confirm or calculate." *Laney*, 189 F.3d at 967 n.14.; *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007) ("We will uphold an award of restitution under Section 2259 if the district court is able to estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty."). Restitution "must be based on the amount of loss *actually caused* by the defendant's offense." *United States v. Petruk*, 484 F.3d

1035, 1036 (8th Cir. 2007) (emphasis in original). It is also limited to "the victim's provable actual loss." *United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008). The Government bears the burden of proving this loss by a preponderance of the evidence. 18 U.S.C. §§ 1593(b)(2), 3663A(d), and 3664(e).

The Government suggests that each of the five victims in this case will incur future counseling costs of $176,530, thus the Court should award a total of $882,650 in restitution. The government bases its recommendation on the testimony of a child psychologist, Dr. Gerald Gentry. To determine how traumatized the victims were Dr. Gentry reviewed the stipulated facts in the plea agreement and then watched videotaped interviews with two of the victims. He concluded that this was one of the worst cases he had ever seen and, based on his experience with other victims of child sexual abuse, that the median amount of care each victim needed was 900 hours of psychotherapy,[1] psychotropic medication for 60 months, and 60 days of inpatient psychiatric hospitalization for likely episodes involving drug abuse, suicide attempt, and depression. Dr. Gentry calculated the total cost of delivering this treatment in the Kansas City area was $176,530 per victim. In forming his opinion he did not, however, interview any of the victims or otherwise conduct an individualized assessment.

The Defendant objects to any order of restitution based on this record, arguing that four of the five victims have not sought any treatment or expressed any interest in obtaining treatment in the future, and that Dr. Gentry's opinion is fatally flawed because it fails to consider a number of factors necessary to make a reasoned determination of future costs. Defendant's expert, Dr. Tahir Rahman, a board certified psychiatrist, does not dispute the reasonableness of the hourly

---

[1] Dr. Gentry calculated that each minor would need four years of weekly individual psychotherapy, six years of bimonthly individual psychotherapy, ten years of monthly individual therapy, two years of weekly group therapy, and ten years of bimonthly caseworker visits, plus an initial psychiatric exam, monthly psychiatric follow-up for six months, and quarterly psychiatric follow-up for 54 months.

2

rates used in Dr. Gentry's calculation, but argues that any determination of how much time will be required for treatment requires an individualized assessment of each victim's circumstances and needs. These considerations include: The history of the victim's traumatic experience; the victim's genetic history to determine any psychiatric conditions the victim may have inherited; the victim's family environment, including parental drug use and the quality of parental supervision, if any; the victim's current environment; the victim's medical history; whether the victim suffers from any dependency on drugs or alcohol; the victim's legal history; and whether the victim wants help, or wants to continue a pattern of destructive behavior or chemical abuse.

Although the Court finds Dr. Gentry to be credible, well-meaning, and accomplished, his opinion here is inherently speculative because it is based on severly limited information. As Judge Laughrey noted in another commercial sex trafficking case in which Dr. Gentry testified,[2] the resiliency of victims varies widely, and there is no way a court can accurately determine a victim's future mental health needs without an individualized assessment. The Court also notes that in this case although the victims would almost certainly benefit from some counseling, most of them have not sought such treatment in the past and the record before the Court gives no indication that they are likely to seek such treatment in the future. Determination of their future mental health needs is further complicated by the fact that most of the victims engaged in prostitution before they met the Defendant. While the Defendant is obviously responsible for drawing the victims deeper into prostitution, it is unclear how much psychological trauma these victims suffered before they even met him, thus it is unclear what amount of their injuries are attributable to the Defendant's conduct. Consequently the Court finds the Government has not carried its burden of proving by a preponderance of the evidence either the cost of each victim's

---

[2] *United States v. Debra Palmer*, case no. 4:08-cr-00113-02-NKL, ECF doc. no. 114, sentencing hearing transcript at 61-62 (W.D. Mo. May 5, 2010).

future medical treatment with reasonable certainty, or the amount of responsibility that can reasonably be assigned to the Defendant for each victim's psychological trauma.[3]

The Court is sympathetic to the Government's position and the victims' plight. Proving future mental health costs is not easy to do in this case. These minor victims suffered experiences that none of them would want to relive by testifying in court or submitting to additional interviews. But that does not change the law's requirement that an order of restitution must be based upon facts, not speculation, and facts supporting an award for future losses are not found in the current record.

Accordingly, the Court does not order Defendant to pay any restitution as part of his sentence.

**IT IS SO ORDERED.**

Date:  October 14, 2010                 /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT

---

[3] Of course, the Government may be able to prove this at some point in the near future and secure restitution for the victims under 18 U.S.C. § 3664(d)(5).